

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

# State of New Jersey
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625-0112

MATTHEW J. PLATKIN
*Attorney General*

MICHAEL T.G. LONG
*Director*

February 27, 2023

**via Electronic Filing:**
Hon. Peter G. Sheridan, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

    **Re: Harris v. New Jersey Dept. of Educ., et al.
Docket No. 3:22-cv-05581 (PGS)(DEA)
Reply to Plaintiff's Opposition to
Defendants' Partial Motion to Dismiss**

Dear Judge Sheridan:

    This office represents Defendants, the New Jersey Department of Education ("NJDOE") and Christine Sadovy ("Sadovy") (collectively, "Defendants"), in the above-captioned case. Please accept this letter brief in lieu of a more formal submission as a reply to Harris' Opposition to Sadovy's Partial Motion to Dismiss the Complaint (DE 9 and DE 11, respectively). As detailed herein, it is clear that Harris' Equal Protection claim should be dismissed for several reasons.

    First, it is well established that a plaintiff may not amend their pleadings through an opposition to a motion to dismiss, and any new facts asserted therein may not be considered by the court. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1007 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *cf. Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007) ("[W]e do not consider after-the-fact allegations in determining the sufficiency of [a] complaint under Rules 9(b) and 12(b)(6).").



HUGHES JUSTICE COMPLEX • TELEPHONE: (609) 376-2175 • FAX: (609) 777-3607
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

Here, in an effort to cure the obvious deficiencies with her Equal Protection claim, Harris attempts to amend her Complaint through her Opposition by asserting a "causal relationship" between the gender discrimination complaint she made to Sadovy and her eventual separation from employment. The pertinent part of her Opposition is as follows:

> As asserted in the Plaintiff [sic], in February 2022, Plaintiff sent a complaint of gender discriminatory compensation to Defendant Christine Sadovy, Cabinet Secretary for the Governor's Office. [Compl. ¶23]. Rather than provide Plaintiff with the equitable relief sought by Plaintiff and authorize the salary increase requested by Plaintiff to the same compensation paid by NJDOE to the male Executive Directors, on May 25, 2022, Defendant Sadovy told Plaintiff to resign her employment with the Commission or Plaintiff would be terminated by Defendants. [Compl. ¶24]. This is an allegation in the Complaint of Sadovy's participation in denying Plaintiff the equal compensation as the male Executive Directors that she sought from Sadovy.
>
> [*See* DE 11, pp. 6-7.]

This alleged "causal nexus," however, is not contained anywhere in the Complaint. Indeed, the Complaint makes only three "substantive" references to Sadovy. First, in paragraph 23, it is alleged that Harris sent Sadovy a complaint of gender discrimination. *See* DE 1: Harris' Complaint, ¶ 23. Harris then claims that, several months later, on May 25, 2022, Sadovy told Harris to resign her employment or she would be terminated. *Id.*, ¶ 24. The final reference to Sadovy in paragraph 39 is a mere legal conclusion (which not entitled to the assumption of truth):[1] Sadovy somehow violated Harris' constitutional rights "by denying her equal protection of her employment rights and benefits because of her gender." *Id.*, ¶ 39.

---

[1] *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that legal conclusions "must be supported by factual allegations" in order to be "entitled to the assumption of truth.").

February 27, 2023
Page 3

Accordingly, because Harris' Complaint does not contain even a hint of the allegations she now relies upon in her Opposition, this Court should not consider such when deciding Sadovy's Motion. *Zimmerman*, 836 F.2d at 181.

Nevertheless, even if the Court did consider these newfound allegations made against Sadovy, they still fail to remedy the deficiencies with Harris' Equal Protection claim, i.e., the lack of Sadovy having any personal involvement with the alleged wrongdoing or engaging in any intentional discrimination.

Specifically, and as thoroughly detailed in Defendants' moving papers, in order to sufficiently plead a cause of action under Section 1983, a plaintiff must demonstrate that the defendant had "personal involvement in the alleged wrongs," which "can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003). The allegations "must be made with appropriate particularity." *Id.* In order to state a civil rights claim under the Equal Protection Clause, a plaintiff must allege that, "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000)).

Here, even when combining both the new allegations raised for the first time in Harris' Opposition with the original allegations set forth in the Complaint, it is clear that Harris has failed to assert that Sadovy intentionally treated her differently from others similarly situated, or that Sadovy was personally involved in making salary determinations, including the decision to pay Harris less than others similarly situated on the basis of her gender. The new allegations in Harris' Opposition also fail to show that Sadovy intentionally treated Harris differently from others and that there existed no rational basis for any difference in treatment. Consequently, Harris' Equal Protection charge against Sadovy remains completely deficient, and thus, ripe for dismissal.

February 27, 2023
Page 4

For these reasons, and all other reasons cited in the underlying Motion, Harris' Equal Protection claim against Sadovy should be dismissed.

Respectfully submitted,
MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By:   *s/Andrew R. Fuchs*
      Andrew R. Fuchs
      Deputy Attorney General

**cc via CM/ECF:**
Olugbenga O. Abiona
Abiona Law, PLLC
121 South Broad Street
Suite 1200
Philadelphia, PA 19107
215-625-0030
oluesq@aol.com