UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHANIE JAMES HARRIS,<br><br>               *Plaintiffs*,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF EDUCATION, STATE OF NEW JERSEY and CHRISTINE SADOVY<br><br>               *Defendants*. | Civil Action No. 3:22-cv-05581<br><br>**MEMORANDUM AND ORDER GRANTING MOTION TO DISMISS** |

This case is before the Court on Defendant Christine Sadovy's partial motion to dismiss Counts Three and Four. (ECF No. 9).

The Court has jurisdiction under 28 U.S.C. §1331 since Plaintiff asserts Constitutional claims for denial of equal protection and free speech under 42 U.S.C. § 1983, as well as supplemental jurisdiction over state claims. The Court reaches its decision without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.

I.

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule is meant to ensure that defendants are given "'fair notice of what the … claim is and the

1

grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must raise a claimant's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 at 556). The complaint, therefore, does not require detailed factual allegations, but the claimant is required to provide "more than labels and conclusions" or "a formulaic recitation of the elements" for the claims submitted. *Twombly*, 550 U.S. at 555; *Byers v. Intuit, Inc.*, 600 F.3d 286, 291 (3d Cir. 2010).

II

This case arises from an employment dispute between the parties. The New Jersey Department of Education ("NJDOE") hired Stephanie Harris ("Harris") as the Deputy Executive Director of the Amistad Commission. (ECF No. 1 at ¶11). In November 2007, Plaintiff was promoted to Executive Director and maintained that position with the Amistad Commission until she was allegedly "constructively terminated" on May 27, 2022. *Id.* at ¶12.

The Complaint alleges about twelve paragraphs of facts concerning other defendants, but in Counts Three and Four, Plaintiff focuses on Christine Sadovy.

According to Count Three, Christine Sadovy is a caucasian female who acts

2

as the "Cabinet Secretary for the New Jersey Governor's Office." *Id.* at ¶10. In February 2022, Plaintiff sent Sadovy a written communication concerning Plaintiff's gender discriminatory compensation. *Id.* at ¶23. On May 25, 2022, Sadovy advised Harris to resign her employment or she would be terminated by Defendants. *Id.* at ¶24. On May 27, 2022, Plaintiff alleges she was constructively terminated from her employment with the NJDOE. *Id.* at ¶25. Thus, Count Three concludes that "[t]he acts and conduct of Defendant Christine Sadovy as stated above where Plaintiff was subjected to constructive termination because [Harris] engaged in protected activities under the New Jersey Law Against Discrimination was violation of the New Jersey Law Against Discrimination." *Id.* at ¶35. The Third Count furthers "Sadovy aided and abetted the violation of this statute, and Plaintiff's rights to be free from retaliatory actions because she engaged in protected activities under this statute." *Id.* at ¶36.

The quoted language above is conclusory because there are no facts to support the allegations. Count Three of the Complaint does not describe any facts to support (1) "constructively terminated;" (2) "protected activity;" and (3) "aiding and abetting." Without any factual basis to support these terms, the motion to dismiss Count Three is granted.

In Count Four, Plaintiff alleges a violation of the Equal Protection Clause and the deprivation of her right to free speech. Harris alleges that Sadovy denied

3

her "equal protection of her employment rights and benefits because of her gender." In addition, Plaintiff alleges that "Sadovy violated Plaintiff's Constitutional rights under the First Amendment by subjecting Plaintiff to retaliatory action while acting under color of state law because Plaintiff engaged in protected activities under the Constitution by protesting Defendants' unlawful and discriminatory gender compensation practices." *Id.* at ¶39, 40.

Similar to Count Three, the language in Count Four is conclusory. There are no facts to support (1) "retaliatory action," (2) "protected activity," or (3) "discrmininatory gender compensation practices." Without more facts, Count Four is not plausible.

Moreover, Plaintiff alleges she was denied a raise or equal pay increase that is comparable to other executive directors. Since this concerns a personal matter rather than a public concern, it is not subject to First Amendment guarantees. *Falco v. Zimmer*, 767 F. App'x 288, 302 (3d Cir. 2019). *See, Baldassare v. New Jersey*, 250 F.3d 188, 195 (3d Cir. 2001).

## ORDER

**THIS MATTER** having come before the Court on Defendant Christine Sadovy's ("Sadovy") partial motion to dismiss. (ECF No. 9); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as

well as the arguments and exhibits therein presented; and for good cause shown; and for all of the foregoing reasons,

**IT IS** on this 24th day of May, 2023,

**ORDERED** that Defendant Christine Sadovy's ("Sadovy") motion to dismiss Count Three and Count Four of the Complaint (ECF No. 9) is granted; and it is further;

ORDERED that Plaintiff is granted thirty (30) days from the date of this Order to Amend the Complaint.

_____
PETER G. SHERIDAN, U.S.D.J.